IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| HARRY A. BOLDEN ) | |
| Plaintiff ) | Civil Case No: 1:21-cv-02295-CCB |
| v. ) | |
| CAEI, INC., et al ) | |
| Defendants ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT EXELON'S

## MOTION TO DISMISS

Plaintiff, Harry A. Bolden ("Mr. Bolden"), by and through undersigned counsel, hereby respectfully opposes the Motion to Dismiss [ECF 11] ("Motion") filed by Defendant, Exelon Business Services Company, LLC ("Exelon").

### INTRODUCTION

Exelon's Motion should be denied because it fails to establish its asserted affirmative defense that Plaintiff did not exhaust his administrative remedies under Title VII before filing suit. In particular, the Motion fails as a matter of law to establish that Mr. Bolden is not entitled to rely on the "identity of interest"/"substantial identity" exception to the Title VII "naming requirement." Whether this exception applies in this case is a fact-specific inquiry that should include application of multiple factors, including Exelon's actual or constructive notice of Mr. Bolden's MCCR/EEOC charge and the MCCR investigation, its opportunity to participate in the administrative

conciliation process, the extent and contours of its business relationship with the named Defendant (CAEI, Inc.), and facts bearing on any claimed prejudice. Discovery is first needed on these and other relevant topics discussed below, after which Exelon would have the opportunity to litigate (and the Court to decide) the exhaustion issue on a developed record. At this early stage of the proceedings, dismissal is inappropriate under the circumstances of this case.

## ARGUMENT

### A. Rule 12(b)(6)[1] Standards as Applied to Affirmative Defenses

Exelon argues that the Court should attach significance to the fact that Plaintiff did not proactively plead in his Complaint that Exelon's exhaustion defense is inapplicable. *See e.g.*, MTD Memo at 10, caption i. ("Plaintiff Has Not Pled That the Substantial Identity Exception Applies."); *id.* at 10 ("The Court should reject this argument, given that Plaintiff failed to plead this exception […]"). Contrary to Exelon's argument, failure to exhaust administrative remedies in Title VII cases is an affirmative defense that must be asserted by a defendant. *See* Fed.R.Civ.P. 8(c); *Johnson v. Maryland Dep't of Lab., Licensing, & Regul.*, 386 F. Supp. 3d 608, 614 (D. Md. 2019).

> On the record before it, the Court will not dismiss Plaintiff's claims for failure fulfill Title VII's charge-filing requirement. Because the charge-filing requirement is an affirmative defense (as opposed to a jurisdictional issue), Plaintiff is not required to allege facts sufficient to establish that he satisfied this requirement. *Shaukat v. Mid Atl. Pros., Inc.*, Civ. No. TDC-20-3210, 2021 WL 5743909, at *5 (D. Md. Nov. 30, 2021) (citing *Zipes v. Trans World Airlines, Inc.*,

---

[1] Plaintiff agrees with Exelon that its current Motion is appropriately analyzed pursuant to Federal Rule of Civil Procedure 12(b)(6). Memorandum in Support of Exelon's Motion ("MTD Memo") [ECF 11-1], at 5. Plaintiff further agrees that the Court can take judicial notice of the existence and contents (but not the truth thereof) of the MCCR documents attached as exhibits to the Motion without converting it to a motion for summary judgment. *Id.* at 8; See *Marshall v. Anne Arundel Cty., Maryland*, No. CV ELH-18-74, 2019 WL 568676, at *5 (D. Md. Feb. 12, 2019)("Notably, the court may take judicial notice of the existence and contents of EEOC proceedings 'if necessary to decide issues like exhaustion of administrative remedies[.]' But, 'it may not take judicial notice of the *truth* of matters outside the challenged pleading.'")(citations omitted).

455 U.S. 385, 393 (1982) and *Fort Bend*, 139 S. Ct. at 1846) (explaining that, "[b]ecause administrative exhaustion" is an affirmative defense rather than a jurisdictional prerequisite, a plaintiff "is not required to plead [it] in the Complaint").

*Spearman v. City of Annapolis*, No. CV JKB-21-1779, 2022 WL 316641, at *5 (D. Md. Feb. 1, 2022). Thus, the Court should reject Exelon's suggestion that Plaintiff was *required* to plead facts relating to administrative exhaustion in his Complaint.[2]

To the contrary, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Id.* (quoting and adding emphasis to *Richmond, Fredericksburg & Potomac R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993)); *See also Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013)("We, however, are reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted. Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings. In fact, we only address affirmative defenses on Rule

---

[2] Nevertheless, Plaintiff did plead here that he had "properly exhausted his administrative remedies before timely filing suit." Complaint ¶ 7. This straightforward statement alone has been found by at least one court to suffice to defeat a similar motion to dismiss. *Berry v. Barrett*, No. 3:19-CV-140, 2021 WL 1424677, at *4 (S.D. Ohio Apr. 15, 2021)("Here, because Plaintiff has pled that he 'has satisfied all administrative requirements,' Defendant must present evidence to prove that Plaintiff failed to exhaust his administrative remedies.").

12(b)(6) motions where the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.")(cleaned up).

Here, Exelon cannot claim that all of the facts necessary to the Court's analysis of the exhaustion issue "clearly appear on the face of the complaint." Also, the MCCR documents attached to its Motion (presumably to be considered by the Court as "integral to the complaint") are not probative to the application of the multi-factor "identity of interests"/"substantial identity" equitable exception to the "naming requirement." At most, the MCCR files show that Exelon was not named in Plaintiff's charge and Exelon apparently did not *officially* participate in the MCCR proceedings; those facts are clearly not sufficient to prove the exception does not apply.

**B.     The Exception(s) to the "Naming Requirement"**

The perhaps ill-named "substantial identity" (or "identity of interests") exception applies to this case. While the 4th Circuit has implied strongly (starting with *Alvarado v. Bd. of Trs. Of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988) that the exception would likely be established in the Circuit, it has not defined the precise contours of its interpretation. But it is clear from district court and out-of-circuit decisions that proper application of the exception depends on a fact-specific multi-factor analysis- not simply questioning if the named and unnamed (in this case, joint) employers are "substantially or 'functionally' identical." MTD Memo at 7.

Any analysis must comport with the underlying purpose of Title VII, which is of course remedial:

> Our conclusion also comports with the broader purpose of Title VII as a "remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *Sydnor*, 681 F.3d at 594 (citation omitted); *see also Alvarado v. Board of Trustees of Montgomery Community College*, 848 F.2d 457, 460 (4th

4

> Cir. 1988) ("Title VII does not require procedural exactness from lay complainants."). We must be wary of "overly technical concerns" laying a "tripwire for hapless plaintiffs." *Sydnor*, 681 F.3d at 594.

*Stewart v. Iancu*, 912 F.3d 693, 703 (4th Cir. 2019).

> "But, '[t]his [naming] requirement is not applied in a hyper-technical fashion,' given that employees often file EEOC charges without out the assistance of counsel, and "the exhaustion requirement was not intended to create 'insurmountable barriers' based on 'overly technical concerns.' " *Marshall v. Anne Arundel Cty., Maryland*, No. ELH-18-74, 2019 WL 568676, at *10 (D. Md. Feb. 12, 2019) (citations omitted). Accordingly, "'EEOC charges must be construed with utmost liberality,'" and under some "circumstances ... the naming requirement is not strictly enforced" *Id.* (quoting *Alvarado*, 848 F.2d at 460); *see Membreno v. Atlanta Rest. Partners, LLC*, No. 19-369-PX, 2019 WL 3306020, at *5 (D. Md. July 23, 2019). The Court considers whether the purpose of the requirement is satisfied, that is, whether the unnamed defendant had notice and the opportunity to settle the matter before the employee filed a formal lawsuit. *See Marshall*, 2019 WL 568676, at *11 (citing *Alvarado*, 848 F.2d at 458–60). If so, "failure to include a defendant by specific name in the administrative charge does not bar subsequent civil suit." *Membreno*, 2019 WL 3306020, at *5 (citing *Weide v. Mass Transit Admin.*, 628 F. Supp. 247, 249 (D. Md. 1985)).

*Johnson v. Silver Diner, Inc.*, No. PWG-18-3021, 2019 WL 3717784, at *3–4 (D. Md. Aug. 7, 2019).

Against this remedial, liberal backdrop, the relevant factors of the exception have been described somewhat variously by courts in Maryland and the 4th Circuit:

> This Court, however, has previously held that a plaintiff's failure to name a defendant in an EEOC charge does not necessarily bar the subsequent suit if "the purposes of the naming requirement were substantially met," that is if (1) defendants received fair notice, and (2) the EEOC was able to attempt conciliation. *Vanguard Justice Soc. Inc. v. Hughes,* 471 F.Supp. 670, 687 (D.Md.1979) (internal citations omitted); *see also Causey v. Balog,* 162 F.3d 795, 800 (4th Cir.1998) (citing *Alvarado,* 848 F.2d at 460). Additionally, this Court has previously applied a four-part test, referred to as the substantial identity test, to determine whether a civil action can be brought against a defendant not named in the EEOC charge. Specifically, a court should consider:
>
> > 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

      2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

      3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

      4) whether the unnamed party had in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*McAdoo v. Toll,* 591 F.Supp. 1399, 1403 (D.Md.1984) (citing *Vanguard Justice Soc. Inc.,* 471 F.Supp. at 688).

      Of these four factors, the second and third are the most important as they are most reflective of the two-fold purpose of the naming requirement.

*Elzey v. Wal-Mart Assocs., Inc.*, No. CIV.A. RDB-11-2151, 2012 WL 3715321, at *3 (D. Md. Aug. 28, 2012)(quoting *Crosten v. Kamauf,* 932 F.Supp. 676, 682 (D.Md. 1996) (internal citation omitted).

The identity of interests test focuses on four factors: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice." *Johnson v. Silver Diner, Inc.*, No. PWG-18-3021, 2019 WL 3717784, at *3–4 (D. Md. Aug. 7, 2019).

### C.    The Motion is Premature, and Discovery is Needed

Courts regularly deny Rule 12(b)(6) motions to dismiss based on Title VII claims-processing rules because necessary discovery had not been conducted.

In a case strikingly similar to this one, in *Byrd v. Ta Chen Int'l*, No. CV DKC 19-1873, 2020 WL 4933636 (D. Md. Aug. 24, 2020), the defendant filed a motion to dismiss based on the plaintiff's failure to name the defendant in the EEOC charge. The plaintiff

responded that the "substantial identity" test applied to satisfy the administrative exhaustion requirement. Judge Chasanow ruled that discovery should be conducted to flesh out the relationship between the named and unnamed employer/defendants, and other topics relevant to the "substantial identity" test:

> The substantial identity test cautions against dismissing Mr. Byrd's claim against Ta Chen until its full relationship to ERI is understood. The first factor of the substantial identity test weighs in Mr. Byrd's favor as the exact role of Ta Chen and ERI could not have been readily ascertained by him at the time of filing. The second factor, likewise, might favor Plaintiff if there is a clear corporate affiliation between ERI and Ta Chen. The third factor cuts against dismissal. As the unnamed party before the EEOC, the forms of advanced notice mentioned above ensure Ta Chen would suffer no undue prejudice in being named in the complaint without being named in the EEO proceedings. While close inspection of the employee handbook or earning statements arguably should have put Mr. Byrd on notice of his mistake, Mr. Byrd alleges that the EEOC office themselves were misinformed as to the proper identity of his employer. (ECF No. 15-1, at 1). If it turns out this misinformation came from ERI itself, the fourth factor would also suggest that ERI and Ta Chen satisfy the substantial identity test. Pending further disclosure as to Ta Chen's corporate affiliations, the court declines to dismiss the claim against Ta Chen in that a similarity of interest between Ta Chen and ERI is not foreclosed.

*Id.* at *5.

In *Prosa v. Austin*, No. CV ELH-20-3015, 2022 WL 394465 (D. Md. Feb. 8, 2022), the defendants argued in a motion to dismiss that the complaint was filed more than 90 days after receipt by plaintiff of a right-to-sue letter, and therefore untimely. The defendants also argued that certain Title VII claims had not been administratively exhausted. Judge Hollander denied the motion and ruled that discovery was required before a final decision could be reached on timeliness and exhaustion.

> However, these arguments do not provide a basis to dismiss the Complaint at this stage, whether in its entirety or with respect to the events raised in the January 2017 Complaint. The argument that the entire suit is untimely relies on assertions made by plaintiff in a Declaration attached to the Opposition. And, the argument that the events in the January 2017 Complaint are untimely relies on the single mail log photograph indicating that a "Dismissal Letter" was sent to

> plaintiff and her then-counsel on that date. *See* ECF 13-7. But, these materials plainly may not be considered with respect to a Rule 12(b)(6) motion.
>
> At the Rule 12(b)(6) stage, the Complaint is the critical document. And, in the Complaint, plaintiff alleges that she received the 2020 FAD on July 18, 2020. ECF 1, ¶ 8. Furthermore, the 2020 FAD provided by plaintiff includes a certificate of service indicating that the FAD was served via FedEx overnight delivery on July 17, 2020, meaning that plaintiff would have received the document on July 18, 2020. ECF 23-2 at 2. And, no documents that I may consider indicate any date of mailing, service, or receipt for the Disputed FAD. At this juncture, I must accept the date of July 18, 2020. On that basis, suit was timely filed on October 16, 2020, *i.e.*, within 90 days of receipt of the 2020 FAD. ECF 1, ¶ 8.

*Id.* at *19.

> Discovery may bear out defendant's contentions as to timeliness and exhaustion. But, at the motion to dismiss stage, these arguments do not support dismissing claims from the Complaint. Because I reject defendant's argument on this basis, there is no need to consider plaintiff's arguments as to equitable tolling, or that the claims and events in the January 2017 EEO Complaint are like or related to those in the September 2017 EEO Complaint.

*Id.* at *21.

Similarly, in *Thomas v. Bet Sound-Stage Rest./BrettCo, Inc.*, 61 F. Supp. 2d 448, 455-56 (D. Md. 1999), the defendant filed a motion to dismiss arguing that it was not an "employer" within the meaning of Title VII. The plaintiff argued that the defendant was a joint employer, and that discovery was needed to determine if the "integrated enterprise" doctrine applied. The court ruled that "on a motion to dismiss and prior to discovery, there is not enough evidence in the record to determine whether BrettCo is an "employer" under the integrated enterprise analysis for purposes of Title VII liability. Plaintiff, however, has alleged sufficient facts in her complaint to survive the motion to dismiss." *Id*. at 456; *See also Spearman v. City of Annapolis,* No. CV JKB-21-1779, 2022 WL 316641, at *6 (D. Md. Feb. 1, 2022)(denying "as untimely at this stage" motion to dismiss Title VII claims for lack of exhaustion because the record needed to be

developed through discovery); *Sims v. Univ. of Maryland Med. Sys. Corp.*, No. CV CCB-19-0295, 2019 WL 6718053, at *6 (D. Md. Dec. 10, 2019)(On motion to dismiss for failure to state a claim, ruling that "[t]he court need not decide now the relationship between the drug test, the FFD exam, and Sims's suspension.  As the rest of Sims's claims are going forward, the drug test, FFD exam, and suspension require additional discovery regardless of the eventual disposition of Count II. Accordingly, the court will deny without prejudice the motion to dismiss Count II."); *Miller v. Baltimore Gas & Elec. Co.*, 202 F.R.D. 195, 203 (D. Md. 2001)(motion to dismiss denied in lieu of discovery on employee class certification issues); *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 727–28 (D. Md. 2013)("Accordingly, I will deny the County's request for dismissal of the Title VII claims against it on the basis that it was not Ms. Murphy–Taylor's "employer," without prejudice to renewal of this argument in a motion for summary judgment filed after discovery."); *Adamczyk v. Chief, Baltimore Cty. Police Dep't*, 952 F. Supp. 259, 263 (D. Md. 1997), *aff'd sub nom. Adamczyk v. Chief of Police of Baltimore Cty.*, 134 F.3d 362 (4th Cir. 1998).

     Here, CAEI and Exelon (as alleged joint employers using a superficial subcontractor staffing structure in large part as a way to insulate Exelon from employment-related legal obligations or liability), certainly had a similarity of interests. Exelon managers were logically aware of Mr. Bolden's EEOC/MCCR charge, including its substance.  Given the close working relationship between CAEI and Exelon on personnel matters (and Exelon's ultimate control over hiring, firing, and promotion decisions), it can be strongly inferred that Exelon (and/or its advisors and insurer) was deeply involved in a coordinated response to the MCCR investigation.  If so, it would be

hard to argue that Exelon was prejudiced by not being named in the charge- certainly not where a pro se layman complainant was unaware of the existence and implications of the joint employer doctrine at the time the charge was filed. Discovery will illuminate these issues and promote the remedial purposes of Title VII.

## CONCLUSION

Based on the foregoing, Plaintiff requests the Court deny Exelon's Motion as premature.

Respectfully Submitted,

/s/ Joseph D. Allen

Joseph D. Allen, Esq. (#20736)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Phone: 443-290-8710
Facsimile: 410-510-1789
jdallen@simmsshowers.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of March, 2022, I caused the foregoing to be served via CM/ECF and email on counsel of record.

/s/ Joseph D. Allen