UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HARRY A. BOLDEN<br><br>    *Plaintiff,*<br><br>    v.<br><br>CAEI, INC., *et al.,*<br><br>    *Defendants.* | Civil No. JRR-21-02295 |

**MEMORANDUM OPINION**

This matter came before the court on Exelon Business Services Company, LLC's Motion to Dismiss Plaintiff's Complaint. ECF 11.

Plaintiff filed this action against Defendants for various forms of employment discrimination and retaliation under Title VII. 42 U.S.C. §§ 2000e *et seq.* ECF 1. Exelon seeks dismissal of the complaint (as against Exelon) for failure to exhaust administrative remedies because Plaintiff failed to name Exelon in his administrative charge of discrimination filed on October 17, 2016.

Exelon is correct that before a plaintiff may sue under Title VII, he is required to file an administrative charge of discrimination. Exelon is also correct that the scope of a complainant's entitlement to sue is limited to the "parties identified and practices complained of in the charge of discrimination." *Jones v. Calvert Grp. Ltd.*, 551 F.3d 297 (4th Cir. 2009); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir.1996). The naming requirement serves two important purposes: notice to the charged party and an opportunity for the charged party to comply voluntarily with law without resort to litigation.

Plaintiff concedes his administrative charge did not name or identify Exelon and asserts that the substantial identity exception applies to excuse what might otherwise be a fatal omission. *Vanguard Justice Soc. Inc. v. Hughes*, 471 F. Supp. 670, 687 (D. Md. 1979); *McAdoo v. Toll,* 591 F. Supp. 1399, 1403 (D. Md. 1984). In determining whether the substantial identity exception applies, the court considers several factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Consideration of these factors should be initially in the hands of the district court. The goal of conciliation without resort to the already overburdened federal courts is of great importance and should not be lost. However, equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.

*Vanguard*, 471 F. Supp. at 688; *see also McAdoo*, 591 F. Supp at 1403-04 (holding that Title VII administrative procedures are "'not intended to serve as a stumbling block to the accomplishment of the statutory objective,'" and that demanding procedural perfection where the plaintiff filed his administrative charge without the benefit of counsel places a burden "'Congress neither anticipated not intended'").

The complaint alleges that Plaintiff "began working for CAEI and Exelon . . . at a jointly operated facility . . . [Plaintiff] was supervised on a day-to-day basis by both CAEI and Exelon managers, who both exercised control over Plaintiff's conditions of work, and had the power to hire, fire, discipline, assign, and /or promote Plaintiff." ECF 1 at p. 2. CAEI's position statement in response to the administrative charge (Exhibit C to the Motion, ECF 11) asserts that Plaintiff was hired by CAEI and assigned to work on the "BGE-Exelon" "Proactive Collections Team."

Assuming the truth of Plaintiff's allegations and considering the exhibits to the Motion, it appears to the court that Exelon's interests at the administrative level would have been identical to those of Defendant CAEI, Inc. Following investigation of Plaintiff's administrative charge, the Maryland Commission on Civil Rights issued Written Findings (Exhibit F to the Motion, ECF 11) which include reference to an interview with Ms. Kadijah Webster, a manager with Exelon bearing supervisory authority over Plaintiff (and referred to in Exhibit C to the Motion as "Manager from BGE-Exelon").

For purposes of the Motion only, the court is satisfied that Exelon management was aware of, and in fact was interviewed during, the administrative process; and, therefore, that Exelon was not prejudiced by Plaintiff's failure to identify Exelon as a party to his administrative charge. In view of the foregoing, the court declines to dismiss the complaint in favor of allowing the parties to exchange discovery that will more fully establish the relationship between the Defendants as relates to Plaintiff's Title VII claims.

For the reasons set forth herein, the Motion will be **DENIED.**

                                                  /s/

                                        Julie R. Rubin
                                        United States District Judge