IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| HARRY A. BOLDEN<br>604 Aldershot Road<br>Baltimore, Maryland 21229<br><br>Plaintiff<br><br>v.<br><br>CAEI, INC.<br>9256 Bendix Rd., Suite 102<br>Columbia, MD 21045<br><br>Defendant 1<br><br>BALTIMORE GAS AND ELECTRIC COMPANY<br>2 Center Plaza<br>110 West Fayette Street<br>Baltimore MD 21201<br><br>Defendant 2 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No: 1:21-cv-02295-JRR<br><br><br><br><br><br><br><br><br><br>(JURY TRIAL DEMANDED) |

## FIRST AMENDED COMPLAINT

Plaintiff, Harry A. Bolden, by and through undersigned counsel, hereby respectfully files this Complaint, and in support states:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (hereinafter referred to as "Title VII").

2. That all actions complained of herein took place in Maryland.

3. Defendant, CAEI, Inc., ("Defendant 1" or "CAEI") is a Maryland corporation headquartered in Columbia, Maryland.

4. Defendant, Baltimore Gas and Electric Company, ("Defendant 2" or "BGE") is a Maryland corporation headquartered in Baltimore, MD, which does extensive business in the State of Maryland.

5. That at all times relevant hereto, CAEI and BGE were business entities employing fifteen (15) or more persons, and are both "employers" within the meaning of Title VII.

6. In accordance with Title VII, Plaintiff timely filed a Charge of Discrimination with the Maryland Commission on Civil Rights ("MCCR") on October 17, 2016.

7. Thereafter, on June 10, 2021, a Notice of Right to Sue was issued by the EEOC. Therefore, Plaintiff has properly exhausted his administrative remedies before timely filing suit.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff is an African-American male.

9. In September 2014, Plaintiff began working for CAEI and BGE as a Customer Service Representative II at a jointly operated facility in Columbia, Maryland. Plaintiff was supervised on a day-to-day basis by both CAEI and BGE managers, who both exercised control over Plaintiff's conditions of work, and had the power to hire, fire, discipline, assign, and/or promote Plaintiff.

10. Plaintiff's job performance was invariably excellent, and he received several awards for his performance during his employment.

11. However, Plaintiff was subjected to severe and pervasive harassment by his direct supervisor, Angelique Watts ("Ms. Watts"), an employee of CAEI, who became his supervisor around May 2015.

12. Ms. Watts forced Plaintiff to perform menial and degrading tasks that were not demanded of other employees; these tasks included preparing and serving meals for the office staff.

13. Ms. Watts unjustifiably criticized Plaintiff's work habits, refused to allow him job-related accommodations that were provided to other employees, and repeatedly moved his desk around the office to undesirable locations.

14. Ms. Watts, on many different occasions, told Plaintiff he needed to "thug it up" when speaking with customers on the phone, and also implied repeatedly that he was not behaving stereotypically "black" enough.

15. At one point during his employment, during a review of Plaintiff's call recordings, Ray Hubbard ("Mr. Hubbard"), a CAEI Vice President, told Plaintiff that he didn't sound "black enough" on the phone with customers- and that he should try to change that to be more effective at his job.

16. On approximately January 15, 2016, Plaintiff began complaining to the Human Resources department of CAEI about the harassment and discrimination he felt that he was being subjected to. Plaintiff made several additional complaints, some of which were verbally made to Ms. Smoot (an HR manager).

17. Immediately following his initial complaint to HR, Ms. Watts and Mr. Hubbard began escalating the harassment of Plaintiff, and looking for ways to punish and

provoke him. For instance, they insisted that Plaintiff move his desk yet again, knowing that this would make him feel degraded and discriminated against.

18. On February 11, 2016, during a meeting with Mr. Hubbard, Plaintiff complained again, this time more vociferously, about the discriminatory and harassing treatment he was perceiving- in particular from Ms. Watts.

19. On the same day, February 11, 2016, Plaintiff was terminated from his position.

**COUNT I- DISCRIMINATION/DISPARATE TREATEMENT
(RACE AND SEX)
Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e et seq.**

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. That Defendants carried out the aforementioned acts of discrimination against Plaintiff based on his race and sex (African-American and male) – protected classes under Title VII.

22. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

23. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and sex.

24. That the unlawful employment practices complained of above were intentional.

25. That the discriminatory actions as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

26. That the intentional discriminatory actions of Defendants, as alleged above, were done with malice and/or reckless indifference to Plaintiff's rights.

## COUNT II- HARASSMENT
### (RACE AND SEX)
### Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e et seq.

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

28. That Defendants carried out the aforementioned acts of harassment against Plaintiff based on his race and sex (African-American and male) – protected classes under Title VII.

29. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

30. That the effect of the harassment complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and sex.

31. That the unlawful harassment complained of above was intentional.

32. That the harassment as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

33. That the intentional harassment of Defendants, as alleged above, was done with malice and/or reckless indifference to Plaintiff's rights.

## COUNT III- RETALIATION AND WRONGFUL TERMINATION
### Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e et seq.

34. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

35. That Defendants carried out the termination of Plaintiff in retaliation for his good faith complaints of unlawful discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

36. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq.

37. That the effect of the retaliation complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and sex.

38. That the unlawful retaliation complained of above was intentional.

39. That the retaliation as set forth above, have cause and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

40. That the intentional retaliation of Defendants, as alleged above, was done with malice and/or reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court award him compensatory (economic and non-economic, past and future, including emotional and mental pain and suffering) and punitive damages in an amount to be determined at trial, plus court fees and costs, statutory pre-judgment interest, reasonable attorney's fees, and any further relief as the Court may find necessary and appropriate in the interests of justice.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Harry A. Bolden, by and through undersigned counsel, hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,

/s/ Joseph D. Allen

Joseph D. Allen, Esq. (#20736)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Phone: 443-290-8710
Facsimile: 410-510-1789
jdallen@simmsshowers.com

Attorney for Plaintiff