IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRY A. BOLDEN | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: 1:21-cv-02295-JRR |
| vs. | * | |
| | * | |
| CAEI, INC., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION & MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT**

Plaintiff, Harry A Bolden ("Plaintiff"), by undersigned counsel, and pursuant to Local Rule 105.10, hereby asks the Court to reconsider the summary judgment entered against him as authorized by Federal Rule of Civil Procedure 59(e).

**I. INTRODUCTION**

Plaintiff is Harry Bolden; defendant is CAEI, Inc and BGE.

Plaintiff sued defendant for monetary, and other appropriate relief to redress intentional violations by defendant of rights secured to the Plaintiff pursuant to Federal and Maryland State laws.

On January 30, 2023, Defendants filed motion for Summary Judgment. The clerk entered judgment on September 12, 2023. Plaintiff files this motion on September 26, 2023, which is within 14 days after the entry of judgment, pursuant to Local Rule 105.10. Plaintiff files this motion for reconsideration and asks the Court to vacate the summary judgment.

## II. ARGUMENT

### A.  Legal Standards.

Under Rule 59(e), a motion to alter or amend a final judgment may be granted only " (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). *Butler v. Directsat USA, LLC*, 307 F.R.D. 445, 445 (D. Md. 2015)

In this case, the Court granted the Defendant's Motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies against Defendant by not naming Defendant in the EEOC charge. The Court applied the *substantial identity* test to determine whether Plaintiff may "bring suit against" Defendant and concluded that Plaintiff cannot.

To determine whether a *substantial identity* exists between two entities, the court should consider: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice."*Zhang,*332 F.Supp.2d at 867 (citing *Thomas v. Bet Sound-Stage Rest./Brett Co, Inc.,*61 F.Supp.2d 448, 457-58 (D.Md. 1999)). *Lipscomb v. Technologies, Services, Information, Inc.*, Civil Action No. DKC 09-3344, at 13-15 (D. Md. Feb. 18, 2011).

In concluding that Plaintiff did not meet the *substantial identity test*, the Court reasoned that there was no dispute in the material facts as to each factor in the test**.** Summary judgment is only to be granted when no genuine and disputed issues of material fact remain, and the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact may exist if the evidence presented to the court is sufficient to indicate the existence of a factual dispute that could be resolved in favor of the non-moving party at trial. Rachael-Smith v. FTDATA, Inc., 247 F. Supp. 2d 734, 742 (citing

Anderson v. Liberty Lobby, Inc.,477 U.S. 242 (1986)) Only "facts that might affect the outcome of the suit under the governing law" are material. Anderson, 477 U.S. at 248. Moreover, a dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. Here, a multitude of disputes in material facts exist that should have precluded a ruling of summary judgment in favor of the Defendant.

### 1. Plaintiff Has New Evidence

The Court should grant Plaintiff's motion for reconsideration because Plaintiff has discovered new evidence not available at the time of summary judgment. Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995). The newly discovered evidence shows that BGE was aware of Plaintiff's administrative claim at the MCCR and is attached to this motion. The Court should consider the new evidence and grant the relief requested by this motion because the evidence is important to the movant's case.  (MCCR February 2017 Letter from Mr Hubbard to MCCR, signatures of Attendees at MCCR proceeding and sign in log of BGE's Brain Andrews, Sr., as billing clerk manager for Plaintiff, hereinafter **Exhibit 1**) This shows that Mr. Hubbard (and Mrs. Webster-Duncan) were aware of the charges prior to 2021. (response letters and a statement from Mr. Hubbard, dated 2-17-2017, suggesting that he had prior knowledge of the charges). The evidence also shows that Mr. Hubbard signed the attendance sheet at the fact-finding hearing, along with CAEI President and CEO Mr. Steve Burnett. Furthermore, since Mr. Hubbard and CAEI were notified before attending the fact-finding hearing, as a vendor for Exelon-BGE, it would have been their obligation to inform BGE (which they were already aware of) about the impending charge, considering the potential risk involved for the other party.

This evidence goes to further support Plaintiff's facts satisfying substantial identity Test Factor No. 2 of similar interest between BGE and CAEI, and Fact No. 4 pm whether BGE lead

Plaintiff to believe that its interest was represented through CAEI. This also raised a dispute in the material facts pertaining to these substantial identity test factors.

### 2. Material Facts are Disputed Pertaining to the *Substantial Identity* Test Factors

#### a. Whether BGE's role was Known when Plaintiff Filed MCCR Charge

Even if the facts shows that Plaintiff may have known that BGE and CAEI were separate companies, the inferences from the facts shows that Plaintiff known that BGE and CAEI so distinct for purposes of his employment such that he was aware that BGE should be name separately in the charge of discrimination. The Court's conclusion that Plaintiff was confused between Exelon and CAEI is erroneous because this does not go to the issue awareness of BGE's role separately from CAEI at the time Plaintiff filed his charge of discrimination.

#### b. Whether There is Similarity of Interest Between BGE & CAEI's

In addition to the new evidence, the court's undisputed facts show similarity of interest between BGE and CAEI. Mr. Hubbard managed CAEI's customer account with BGE and was also response for managing BGE's Collection Strategy Pilot. Dkt. 49 at 2 "CAEI had a role in operating BEG's financial solutions department program". Id. at 3 The facts are also disputed as to the similarity of interest because the evidence shows shared management and supervision, share operation, share email account, share office and working equipment with BGE and CAEI in regard to the Collection Strategy Pilot program.

#### c. Whether BGE was prejudice by not Participating in the Administrative proceeding.

The court misapplied *Gramble*. The applicable principle in *Gramble* is and that it is "wholly implausible" that the County would have altered its course had it been named in the EEOC filing (pg. 12). Additionally, the EEOC informed Mr. Gamble that it was unable to find a violation of any applicable employment discrimination statute (pg. 3). *Gamble v. Charles Cnty.*, 20-cv-3126-PWG,

4

at *21 (D. Md. Aug. 9, 2021) Likewise in this case, MCCR did not did a violation and BGE clearly demonstrate that naming BGE in the MCCR Charge of discrimination would not have altered its course, had it been named in the chare of discrimination.

### 3. The Judgment Will Result in Manifest Injustice

The judgment contains a clear error or will result in manifest injustice. As a matter of Law, the Court should grant Plaintiff's motion for reconsideration because the judgment contains a clear error or will result in manifest injustice. *See Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995); *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994). In this instance however, if the Court does not vacate the Summary Judgment in favor of Defendant. It will result in manifest injustice because the Court did not consider and apply the appropriate weight to all facts in the records supporting that Plaintiff met the substantial identity test as there is new evidence that came to light.

Clear error or manifest injustice occurs where a court "has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension ...." *King v. McFadden*, 2015 WL 4937292 * 2 (D.S.C. August 18, 2015) (quoting *Campero USA Corp. v. ADS Foodservice LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012) (citations omitted). "In the context of a motion to reconsider, manifest injustice is defined as 'an error by the court that is direct, obvious, and observable.'" *Saunders v. Riverside Regional Jail*, June 14, 2012, 2012 WL 2192262 (E.D. Va. June 14, 2012) (quoting *Register v. Cameron & Barkley Co.*, 481 F.Supp.2d 479, 480 n.1 (D.S.C. 2007). *Wagner v. Warden*, Civil Action No. ELH-14-791, at *5-6 (D. Md. Mar. 24, 2016)

The court has not drawn the inference from the facts in favor of Plaintiff and furthermore, the Court's interpretation of the facts a misunderstanding of Plaintiff's facts. As a result, the Court's conclusion and decision on the Defendant's motion for summary judgment will result in manifest

injustice. The error in the court's judgment and its failure to consider all the relevant facts in favor of the plaintiff will result in manifest injustice. Therefore, the plaintiff's motion for reconsideration should be granted. The court's decision and interpretation of the facts demonstrate a misunderstanding of the plaintiff's position, leading to an unfair outcome. The concept of manifest injustice refers to a clear and obvious error by the court that is observable and has a direct impact on the fairness of the judgment. In this case, allowing the summary judgment in favor of the defendant to stand without reconsidering would be manifest injustice.

### III. CONCLUSION

**WHEREFORE**, based upon the foregoing, the Plaintiff respectfully request that this Court grant his Motion for Reconsideration, and vacate its Order granting Motion for Summary Judgment in favor of the Defendant, enter an Order denying Summary Judgment, and any other relief the Court deems just and proper.

Respectfully,

*/s/ George A. Rose*
George A. Rose, Esq.,
Federal Bar No.: 26086
Rose Law Firm, LLC
9134 Liberty Road, Randallstown, MD.  21202
Ph: #: 410-727-7555 / Facsimile #: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Harry A. Bolden*

### CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of September 2023, a copy of the foregoing Plaintiff's Motion For Reconsideration Of Summary Judgment, was served on counsel of record by the Court's CM/ECF system.

*/s/ George A. Rose*